UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| LONNIE FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 12-232-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| J. C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Lonnie Freeman is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky.  Proceeding without an attorney, Freeman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") computation of his sentence.  [R. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Freeman's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On March 28, 2006, Freeman was arrested in Barren County, Kentucky, by state police for possession of anhydrous ammonia with intent to manufacture methamphetamine, manufacturing methamphetamine, and possession of a firearm by a convicted felon. At some point after his arrest, state authorities also charged Freeman with two counts of facilitation to murder, tampering with physical evidence, and of being a persistent felony offender. [R. 1-1, pp. 8, 13-15]

On December 6, 2006, Freeman was indicted by a federal grand jury in the United States District Court for the Western District of Kentucky of being a felon in possession of a firearm (a short barrel shotgun) in violation of 18 U.S.C. § 922(g)(1), and of being in possession of an unregistered firearm in violation of 26 U.S.C. § 5845. Freeman was temporarily borrowed from state custody pursuant to a writ of habeas corpus *ad prosequendum* on August 22, 2007. Shortly before trial, on September 26, 2008, Freeman signed a written agreement to plead guilty to both charges. The trial court accepted Freeman's plea, and following a sentencing hearing on January 23, 2009, entered its judgment and commitment order on February 2, 2009. The federal court sentenced Freeman to serve an 84-month term of incarceration on each count, the terms to be served concurrently with one another. Freeman did not appeal from this judgment and has not filed a motion for collateral relief pursuant to 28 U.S.C. § 2255. *United States v. Freeman*, No. 1:06-CR-60-001-JHM (W.D. Ky. 2006).

Following his federal sentencing, Freeman was returned to state custody on February 11, 2009. [R. 1-1, p. 8] On March 4, 2009, the Circuit Court of Warren County, Kentucky, sentenced Freeman to a 12-year term of incarceration on two counts of facilitation to murder, which that court ordered to be served concurrently with Freeman's previously-imposed federal sentence. *Commonwealth v. Freeman*, No. 07-CR-549-001 (Warren Cir. Ct. 2007). [R. 1, p. 6; R. 1-1, pp. 8,

13-15] While serving this sentence, on August 17, 2009, the Circuit Court of Barren County, Kentucky, sentenced Freeman to a 10-year term of incarceration for attempt to manufacture methamphetamine, and a concurrent 5-year term for being a persistent felony offender, which that court ordered to be served concurrently with Freeman's previously-imposed federal sentence. *Commonwealth v. Freeman*, No. 09-CR-007 (Barren Cir. Ct. 2009) [R. 1-1, pp. 8, 16-18] Freeman completed service of his state sentences on January 3, 2012, at which time he was surrendered to federal custody pursuant to a federal detainer. [R. 1-1, p. 9]

In denying his administrative grievances, the Bureau of Prisons concluded that the time period for which Freeman sought credit against his federal sentence, from the date his federal sentence was imposed on February 2, 2009, until he was released by state authorities to federal custody on January 3, 2012, had already been credited against his state sentence, and therefore could not also be counted against his state sentence pursuant to 18 U.S.C. § 3585(b). [R. 1-1, p. 9] The BOP also rejected Freeman's implicit contention - that the state court's order that his state sentence should run concurrently with his federal sentence caused his federal sentence to begin running when his state sentence commenced - as contrary to 18 U.S.C. § 3585(a). [R. 1-1, p. 8] Finally, construing Freeman's grievance as a request for *nunc pro tunc* designation under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the BOP considered the relevant factors under 18 U.S.C. § 3621(b), and found such retroactive designation inappropriate. [R. 1-1, p.9]

In his petition, Freeman contends that the BOP failed to honor the state court's order that its sentence run concurrently with his federal sentence by commencing his federal sentence on March 4, 2009, the date his first state sentence was imposed. [R. 1, pp. 6-8]

**II**

Calculation of a federal prisoner's sentence, including both its commencement date and any

credits for custody before the sentence is imposed, is determined by federal statute:

> (a)   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1)   as a result of the offense for which the sentence was imposed; or
>>
>> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

Under Section 3585(a), Freeman's sentence commenced when he was received into federal custody to begin service of it on January 3, 2012. *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.") (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir.1992). Because Freeman seeks credit for the time he spent in custody preceding this date, its availability is governed by Section 3585(b). However, because the time period Freeman spent in state prison was credited against his state sentences, it may not be "double counted" against his federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

The fact that the state court ordered its sentence to run concurrently with his pre-existing federal sentence does not change this result. While "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent

is not binding on federal courts or the BOP." *United States v. Allen*, 2005 WL 332413, at **2 (3d Cir. 2005) (*citing Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)). Further, while the state court could ordered its sentence to run alongside Freeman's federal sentence which had already commenced, a state court's order directing concurrent sentencing does not and cannot thereby cause a previously imposed federal sentence to commence until the state sentence has expired. 18 U.S.C. § 3585(a); *Simms v. United States*, No. 08-cv-43-HRW (E.D. Ky. 2008) (slip op. of Sept. 21, 2009) (*citing Allen*). Because the BOP properly determined that Section 3585(b) precludes the credit Freeman seeks, the Court must deny his petition.

Accordingly, **IT IS ORDERED** that:

1. Freeman's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. Freeman's "Motion for a Temporary Restraining Order and Preliminary Injunction" [R. 3] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the docket.

This the 4th day of June, 2013.



Signed By:

*Karen K. Caldwell*

**United States District Judge**